**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@vegaslawfirm.legal*
Ani Biesiada, Esq.
Nevada Bar No. 14347
Email: *ani@vegaslawfirm.legal*
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Phone: 702-522-1992
Fax:    702-825-2824

*Proposed Counsel for Debtor*

Electronically Filed: October 30, 2018

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SOAPTREE HOLDINGS LLC,<br><br>Debtor. | Case No.: 18-16378-ABL<br>Chapter 11<br><br>**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ANDERSEN LAW FIRM, LTD. AS ATTORNEYS FOR THE DEBTOR-IN-POSSESSION, NUNC PRO TUNC AS OF THE PETITION DATE**<br><br>Hearing Date:  November 28, 2018<br>Hearing Time:  1:30 p.m. |

Soaptree Holdings LLC, a Nevada limited liability company ("Debtor"), the above-captioned debtor and debtor in possession, by and through its proposed counsel, Andersen Law Firm, Ltd. ("Andersen Law Firm"), hereby requests entry of an order pursuant to Sections 327(a), 328, 329, and

//

//

//

//

//

331, and FRBP 2014 and 2016 authorizing the employment and retention of Andersen Law Firm nunc pro tunc as of the Petition Date as its general reorganization counsel.[1]

This Application is supported by: the following Memorandum of Points and Authorities; the Declaration of Ryan A. Andersen, Esq. ("Andersen Declaration"), filed contemporaneously herewith; all papers and pleadings filed in the above-captioned case, judicial notice of which is requested pursuant to Rule 201 of the Federal Rules of Evidence; and any arguments of counsel offered in support of the Motion during any hearing held on the Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Jurisdiction

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in the District of Nevada is proper pursuant to 28 U.S.C. § 1409.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). If it is determined that the Court cannot enter final orders or judgment in this core proceeding consistent with Article III of the United States Constitution, the Debtor consents to the entry of final orders or judgment by this Court.

The relief requested herein is premised on Sections 327(a), 328, 329, and 331, and 1107(a) of FRBP 2014 and 2016.

### II. Background

On October 24, 2018 ("Petition Date"), Debtor filed a voluntary petition, which initiated the above-captioned Chapter 11 bankruptcy case ("Case"). Under Sections 1107(a) and 1108, Debtor has and continues to operate its business and manage its properties as a debtor-in-possession.

The Debtor, through its Case, is seeking to reorganize debt associated with its real property assets. The Debtor has filed the Case and sought bankruptcy protection, so it can attempt to reorganize all claims against it in a fair and transparent manner, while maintaining its ongoing business operations.

---

[1] When used herein, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket in the above-captioned case. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All References to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "LR" are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada.

### III. Relief Requested

By this Application, the Debtor requests entry of an order authorizing it to employ and retain Andersen Law Firm, nunc pro tunc as of the Petition Date, to represent the Debtor as its bankruptcy counsel in connection with the prosecution of the Case according to the terms and conditions contained within that certain engagement agreement dated October 22, 2018 (the "Engagement Agreement"). A copy the Engagement Agreement is attached to the Andersen Declaration as **Exhibit 1**.

Prior to commencement of the Case, on or about October 20, 2018, the Debtor sought from Andersen Law Firm advice regarding its deteriorating financial situation, threatening litigation, options in addressing its liabilities, and the possibility of reorganization through bankruptcy. Thereafter, the Debtor decided to retain Andersen Law Firm as its bankruptcy reorganization counsel. Indeed, the Debtor asserts representation of it by Andersen Law Firm is of critical importance to Debtor's efforts to address its debts through bankruptcy, as Andersen Law Firm has the legal expertise necessary to represent the Debtor for purposes of the Case.

Debtor selected Andersen Law Firm because of the firm's experience with and knowledge of bankruptcy matters, including representation of debtors, creditors, and bankruptcy trustees in a wide variety of bankruptcy cases, as well as Andersen Law Firm's knowledge of the Debtor's business. Because the Case requires a significant amount of attention in the very-near term, the Debtor believes Andersen Law Firm's proposed representation of Debtor is critical to it achieving a successful outcome in the Case. For this same reason, the Debtor wishes to employ Andersen Law Firm as its general reorganization counsel.

### IV. Scope of Proposed Representation

Legal services provided by Andersen Law Firm as general reorganization counsel are necessary to allow the Debtor to faithfully perform its duty as a debtor-in-possession and to allow Debtor to successfully reorganize and negotiate with creditors. Subject to further order of the Court, Andersen Law Firm will provide, among others, the following legal services:

   a) advise the Debtor with respect to its powers and duties as a debtor and debtors-in-possession in the continued management and operation of its business and property;

b) attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the Chapter 11 case, including the legal and administrative requirements of operating in Chapter 11;

c) take all necessary action to protect and preserve the bankruptcy estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the bankruptcy estate, negotiations concerning all litigation in which the Debtor may be involved, and objections to claims filed against the bankruptcy estate;

d) prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

e) negotiate and prepare on the Debtor's behalf plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents and take any necessary action on behalf of the Debtor to obtain confirmation of such plan(s);

f) advise the Debtor in connection with any sale of assets;

g) appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of the bankruptcy estate before such courts and the U.S. Trustee; and

h) perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with its Chapter 11 case.

The above-described services are essential to the Debtor's successful reorganization, and, as such, it is necessary the Debtor employ general reorganization counsel to provide such legal services. Andersen Law Firm is willing and able to act on behalf of and provide such services to Debtor.

### V. Disinterestedness of Professionals

Prior to commencing its representation of the Debtor, the Debtor disclosed to Andersen Law Firm its managers, members, officers, directors, shareholders, and creditors to determine any prior or present representation of any creditors or parties-in-interest. From such initial review, and continuing through the preparation of this Application, Andersen Law Firm has continued to review the information provided by the Debtor to determine any prior or present representation of any creditors or parties-in-interest. Andersen Law Firm will conduct an ongoing review of its files to ensure that no

disqualifying circumstances arise, and Andersen Law Firm will supplement its disclosure to the Court should any new relevant facts or relationships be discovered.

To the best of Debtor's knowledge, and except as otherwise provided in the Andersen Declaration, Andersen Law Firm and its attorneys: (i) do not have any connection with Debtor, its affiliates, creditors, the United States Trustee or any person employed in the Office of the United States Trustee, or any other party in interest or their respective attorneys and accounts, except as otherwise provided in the Andersen Declaration; (ii) are "disinterested persons" as such term is defined in Section 101(14); and (iii) do not hold or represent any interest adverse to Debtor or Debtor's bankruptcy estate.

Specifically, and except as otherwise set forth in the Andersen Declaration, if at all:

a) neither Andersen Law Firm nor any attorney at the firm holds or represents an interest adverse to Debtor's bankruptcy estate;

b) Neither Andersen Law Firm nor any attorney at the firm is or was a creditor, an equity holder or an insider of Debtor;

c) Neither Andersen Law Firm nor any attorney at the firm is or was, within two years before the Petition Date, a director, officer or employee of Debtor;

d) Andersen Law Firm does not have an interest materially adverse to the interest of the bankruptcy estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in Debtor; and

e) No attorney at Andersen Law firm is related to any United States District Judge or United States Bankruptcy Judge for the District of Nevada or to the United States Trustee for such district or to any known employee in the office thereof.

Therefore, Andersen Law Firm is a "disinterested person" as such term is defined by Section 101(14), and its representation of the Debtor will not be adverse to the Debtor's estate.

### VI. Professional Compensation

The Firm was paid a retainer of $20,000 by Debtor's sole managing member, which funds comprising a capital contribution to the Debtor. $14,845 of this initial retainer remains and is held in the Andersen Law Firm trust account. Through this Application, Andersen Law Firm proposes to continue to hold such retainer, and to apply it to fees and expenses incurred by Andersen Law Firm in

this bankruptcy case, following Court approval of the same. Pursuant to the Engagement Agreement, Andersen Law Firm will provide Debtor with regular, monthly statements detailing legal services rendered and costs and expenses disbursed on Debtor's behalf, with both interim and final payment of such invoices subject to Court approval, as set forth in the Engagement Agreement.

Andersen Law Firm's fees are based on the hourly rates of the professionals working on the matter, which hourly rates are subject to annual adjustment, as well as the value of the firm's services to Debtor. As of the filing of this Application, the firm's prevailing hourly rates are as follows: for Ryan A. Andersen, Esq., $340; for Ani Biesiada, Esq., $250; and for paralegals $130.  Such rates are subject to an annual adjustment, per the Engagement Agreement. Andersen Law Firm's prevailing hourly rates are designed to fairly and adequately compensate Andersen Law Firm for the work performed and to cover fixed and routine overhead expenses incurred in the operation of the firm.

As Andersen Law Firm does with other Clients, the firm will, in its discretion, charge Debtor for all other costs and expenses, including, without limitation, printing and duplication (at the rate of $0.05 per black and white impression and $0.15 per color impression), travel, business meals (but never overtime meals), postage, delivery and courier services, computerized legal research, court fees, witness fees, and other fees related to trials and hearings. As near as possible, Debtor will be charged Andersen Law Firm's actual cost for all cost and expense items incurred by the firm.

Andersen Law Firm has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the time spent, the rates charged for such services, the necessity of such services to the administration of the bankruptcy estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues, or tasks addressed in the Case.

In accordance with the terms of the Engagement Agreement, Debtor seeks approval of the fee structure described herein pursuant to Section 328, which provides that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Accordingly, the fee structure set forth in the Engagement

Agreement, and for which approval is sought herein, is permissible under Section 328(a). This fee structure is reasonable based on the customary compensation charged by comparably-skilled practitioners in cases outside of bankruptcy, as well as in similar cases under Chapter 11 of the Bankruptcy Code, and has been approved and implemented in other Chapter 11 cases.

Other than as set forth herein, no arrangement is proposed between Andersen Law Firm and Debtor for compensation and reimbursement to be paid in the Case. Further, Andersen Law Firm has no agreement with any other person or entity to share any compensation or reimbursement received, nor will Andersen Law Firm agree to do so, except as may be hereafter permitted pursuant to Section 504(b)(1).

## VII. Fee Applications

Andersen Law Firm will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and all orders of this Court. Andersen Law Firm will seek compensation for the services of each attorney or paraprofessional acting on Debtor's behalf at the then-current prevailing hourly rate charged for such services on a non-bankruptcy matter, as such rates are described and/or modified by the Engagement Agreement.

Andersen Law Firm will file interim requests for compensation and reimbursement as often as every 120 days, pursuant to Section 331.

## VIII. Notice

Andersen Law Firm will provide notice of this Application by regular mail, and, when possible, by electronic mail or facsimile, to: (a) the Office of the U.S. Trustee; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims; (c) secured creditors; and (d) certain governmental agencies including the Internal Revenue Service, the Office of the U.S. Attorney, the Clark County Treasurer, and the Nevada Department of Taxation.  In light of the nature of the relief requested, the notice provided is appropriate.

### IX. No Prior Request

Andersen Law Firm has not previously requested the relief sought herein before this or any other court.

### X. Need for Relief Nunc Pro Tunc

The Debtor requests approval of Andersen Law Firm's employment nunc pro tunc to as of the Petition Date, as the firm will be required to perform legal services for the Debtor during the interim before the hearing date on this Application. Indeed, between the time of the filing of this Application and the hearing on the same, the Debtor, through counsel, will have sought negotiations with secured creditors concerning certain property issues, and continue the process of accomplishing the refinancing of its secured obligations. As a result, cause is present for relief nunc pro tunc.

### XI. Conclusion

Debtor submits the appointment of Andersen Law Firm on the terms and conditions set forth herein is in the best interests of Debtor, the bankruptcy estate, Debtor's creditors, and all other parties-in-interest. Therefore, Debtor respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit 1**: (i) authorizing Debtor's employment and retention of Andersen Law Firm as its counsel, nunc pro tunc, according to the terms and conditions as set forth in this Application and the Engagement Agreement; and (ii) granting such other and further relief as the Court deems just and proper.

Dated this 30th day of October, 2018.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By:   /s/ Ryan A. Andersen
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Ani Biesiada, Esq.
Nevada Bar No. 14347
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109

*Proposed Counsel for Debtor*